P. Arley Harrel, WSBA #05170  
Manish Borde, WSBA #39503  
WILLIAMS, KASTNER & GIBBS PLLC  
601 Union Street, Suite 4100  
Seattle, WA 98101-2380  
Telephone: (206) 628-6600  
Fax: (206) 628-6611  
Email: aharrel@williamskastner.com  
Email: mborde@williamskastner.com  
Attorneys for Defendants Stihl Incorporated and Andreas Stihl AG & Co. KG

The Honorable Edward F. Shea

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRAD SAVAGE and MARY ANN SAVAGE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>STIHL INCORPORATED, a foreign corporation, ANDREAS STIHL AG & CO. KG, an alien corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | NO. CV-09-5094-EFS<br><br>PROTECTIVE ORDER |

Whereas, the parties have stipulated that certain discovery material be treated as confidential. Accordingly, it is this _27th_ day of _September_, 2010, by the United States District Court for the Eastern District of Washington,

PROTECTIVE ORDER - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

1  ORDERED: The Stipulation for Protective Order (Ct. Rec. 78) is GRANTED as follows:

2      1.    Designation of Discovery Materials as Confidential.  All documents

3  or information produced in pleadings or in the course of discovery, e.g., all

4  answers to interrogatories, all answers to request for admissions, all responses to

5  requests for production of documents or subpoenas *duces tecum*, and all

6  deposition testimony and deposition exhibits, shall be subject to this Order

7  concerning confidential information, as set forth below:

8      (a)    The designation of confidential documents or other tangible

9  items shall be made by placing or affixing on the document in a manner which

10  will not interfere with its legibility, the word "CONFIDENTIAL" by the

11  producing party.  Any person or entity that provides documents, information,

12  testimony or other materials (hereinafter collectively "Materials") may designate

13  such Materials as "Confidential" only when the producing person or entity in

14  good faith believes they contains sensitive personal or medical information, trade

15  secrets or other non-public research, development, or commercial information.

16  Except as otherwise provided in this Order, and except for documents or other

17  tangible items produced for inspection at the producing person's or entity's

18  offices or other facilities or at the offices or facilities of counsel for the producing

19  person or entity, the designation of "Confidential" Materials shall be made prior

PROTECTIVE ORDER - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

1  to, or contemporaneously with, the production or disclosure of such Materials.  In
2  the event that Materials are produced for inspection at the producing person's or
3  entity's offices or facilities or at the offices or facilities of their counsel, such
4  Materials may be produced for inspection before being marked "Confidential."
5  Once specific Materials produced in this manner have been designated for
6  copying, any tangible Materials containing "Confidential" information will then
7  be marked "Confidential" before delivery to the person or entity that inspected,
8  designated and requested the documents. Intangible Materials may be designated
9  "Confidential" by informing the receiving person or entity of the "Confidential"
10 nature of the Material at the time of production, confirmed by a writing sent
11 within thirty (30) days of the production of such intangible "Materials." There
12 will be no waiver of confidentiality by the production or inspection of
13 "Confidential" Materials, whether tangible or intangible, before they are
14 designated "Confidential" pursuant to the procedures outlined in this Order.
15 Additionally, the inadvertent or unintentional failure of the originating party to
16 designate Materials, including testimony, and whether tangible or intangible, as
17 "CONFIDENTIAL" shall not be deemed a waiver of the originating or producing
18 person's or entity's claim of confidentiality or right to designate it as such upon
19 discovery of the failure.  Upon notice of any such failure to designate, the

PROTECTIVE ORDER - 3

1 receiving person or entity shall reasonably cooperate to preserve on an ongoing

2 formal basis the confidentiality of any inadvertently undesignated documents,

3 information or testimony.

4     (b)    Portions of depositions of the present and former officers,

5 directors, employees, agents, experts, consultants, and representatives of a party

6 or the affiliates of a party shall be deemed confidential if they are designated as

7 such prior to the conclusion of the deposition or within thirty (30) business days

8 after receipt of the transcript by the producing person or entity. During such

9 thirty (30) day period, deposition transcripts shall be treated as if designated

10 "Confidential" in full. Any testimony which describes or relates to Materials

11 which have been designated as "CONFIDENTIAL", as described above, shall

12 also be deemed to be designated as "CONFIDENTIAL" without further

13 designation of the transcript.

14     (c)    Materials designated as "Confidential" under this Order shall

15 not be used or disclosed by any person or entity who may be recipients of such

16 Materials or by counsel for such persons or entities or by any persons identified

17 in subparagraph (d) below, for any purposes whatsoever other than preparing for,

18 conducting, prosecuting or defending this Litigation, and then only in strict

19 compliance with the terms and conditions of this Order.  In no event shall any

PROTECTIVE ORDER - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

Case 2:09-cv-05094-EFS    Document 80    Filed 09/27/10

such Materials be used for any commercial or business purpose by any such recipient, except that nothing in this Order shall be deemed to restrict the right of any person or entity to use their own Materials in any manner whatsoever.

    (d)    The persons or entities who are recipients of "Confidential" Materials shall not disclose or permit the disclosure of any Materials designated as "Confidential" under this Order to any other person or entity, except that disclosures may be made by them to the following persons or entities in the following manner and circumstances:

    (i)    Disclosure may be made to counsel for a party and employees of counsel for a party who have direct functional responsibility for the preparation and trial of the Litigation. Any employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the Materials be held in confidence without the necessity of executing a copy of Exhibit A hereto.

    (ii)    Disclosure may be made only to employees, agents or representatives of a party who, in the good faith judgment of counsel for the party, reasonably exercised, are necessary for the effective conduct of the Litigation. All such employees, agents and representative shall be provided with a copy of, and, except for retained experts of consultants, become subject to, the

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

provisions of this Order requiring that the Materials be held in confidence without the necessity of executing a copy of Exhibit A hereto.

(iii) Disclosure may be made to court reporters engaged for depositions, hearings or other proceedings in this Litigation and those persons or entities, if any, specifically engaged by a party in connection with this Litigation for the purpose of making photocopies or other copies, or providing data storage, compilations, indexing or other "control" procedures or services relating to the Materials. Prior to disclosure to any such court reporter or other person or entity each such person or entity must be informed of and agree in writing to be subject to the provisions of this Order requiring that the Materials be held in confidence by signing and certifying Exhibit A to this Order. Copies of all executed copies of Exhibit A shall be maintained by Counsel for the disclosing person or entity and shall be produced to Counsel for the producing person or entity for good cause shown.

(iv) Disclosure may be made to experts and consultants employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this Litigation if in Counsel's good faith judgment reasonably exercised such disclosure is necessary in order for the expert or consultant to effectively assist Counsel in the preparation and trial of the case.

PROTECTIVE ORDER - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

Prior to disclosure to any expert or consultant, the expert or consultant must be informed of and agree in writing to be subject to the provisions of this Order requiring that the Materials be held in confidence by signing and certifying Exhibit A to this Order.  Copies of all executed copies of Exhibit A shall be maintained by Counsel for the disclosing party and shall be produced to Counsel for the producing person or entity for good cause shown.

    (e) Except as provided in subparagraph (d) above, Counsel for the parties shall keep all Materials designated as "Confidential" which are received from another person or entity under this Order secure within their exclusive possession and shall maintain such Materials, as well as copies, duplicates, extracts, summaries or description thereof, in a secure area.

    (f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Materials received from another person or entity and designated as "Confidential" under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear, and shall be handled and maintained in accordance with the requirements of this Order.

   2. Confidential Information Filed with Court.  To the extent that any Materials subject to this Confidentiality Order (or any pleading, motion or

PROTECTIVE ORDER - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

1  memorandum referring to them) are proposed to be filed or are filed with the

2  Court, such Materials, or any portion thereof that discloses "Confidential"

3  information, shall be filed under seal (by the filing party) with the Clerk of the

4  Court by filing a motion to file such materials under seal (hereinafter the "Sealing

5  Motion") pursuant to the applicable Rules of Civil Procedure, Local Rules, and

6  Administrative Procedures for Electronic Case Filing. Even if the filing person

7  or entity believes that the Materials subject to the Confidentiality Order are not

8  properly classified as "Confidential," the filing person or entity shall file the

9  Sealing Motion; provided, however, that the filing of the Sealing Motion shall be

10 without prejudice to the filing person's or entity's rights under ¶3 of this

11 Confidentiality Order.

12      3.      Challenging Designation of Confidentiality. A designation of

13 "Confidentiality" may be challenged upon motion. The burden of proving the

14 confidentiality of designated Materials shall be with the person or entity

15 challenging such "Confidentiality" designation.

16      4.      Return Confidential Material at Conclusion of Litigation. At the

17 conclusion of the Litigation, all Materials designated as "Confidential" under this

18 Order and not received in evidence shall be returned to the originating person or

19 entity within 30 days of written notice by the originating person or entity to the

PROTECTIVE ORDER - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

1  receiving party.  If the parties so stipulate, the Materials, including copies,

2  duplicates, extracts, summaries, or descriptions thereof, may be destroyed instead

3  of being returned, provided that the party destroying such Materials certifies the

4  destruction to the originating person or entity in writing.  The Clerk of the Court

5  may return to counsel for the parties, or destroy, any sealed Materials at the end

6  of the litigation, including any appeals.  Upon the conclusion of this Litigation,

7  including all appeals, any remaining Materials designated as "Confidential"

8  under this Order, including copies, duplicates, extracts, summaries or descriptions

9  thereof, shall be returned to the originating person or entity or destroyed, as the

10 parties may agree.  In the event that Materials subject to this Confidentiality

11 Order are filed under seal with the Court, no party to this Stipulated Protective

12 Order shall oppose or withhold its consent to the motion of another party for an

13 order of the Court to prevent the unsealing of those Materials twenty-three (23)

14 years from the date of entry of final judgment or final disposition as provided in

15 Local Rule 79.1 or to require the destruction of those Materials.

16     IT IS SO ORDERED.

17     Dated this 27th day of September, 2010.

18                    s/ Edward F. Shea
                      _____
                      Hon. Edward F. Shea
19                    United States District Judge

PROTECTIVE ORDER - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

EXHIBIT A

I, _____, certify that I have read the Stipulated Protective Order dated _____, 2010, entered by the United States District Court for the Eastern District of Washington in the matter of *Brad Savage and Mary Ann Savage v. STIHL Incorporated, et al.* I further certify that I fully understand the procedural and substantive requirements of that Stipulated Protective Order, a copy of which is attached hereto, including but not limited to the prohibitions against disclosing such information, materials and testimony to other persons or entities except as may be permitted by the Order and the prohibitions against using such Materials for any purpose unrelated to this Litigation, including any business or commercial purpose. Before reviewing or receiving access to any document, material, information, testimony, and/or discovery responses subject to the protection of that Order, and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order and that severe sanctions and penalties can be applied and assessed against me for violations of the terms and provisions of that Order. As a further condition to review and access to the materials subject to and protected by the Order, I hereby consent to the personal and subject matter jurisdiction and venue of the United

PROTECTIVE ORDER - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1

Case 2:09-cv-05094-EFS    Document 80    Filed 09/27/10

1  States District Court for the Eastern District of Washington for purposes of

2  enforcement of the Order.

3      DATED this ___ day of _____, 2010.

4

5      _____

PROTECTIVE ORDER - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2929021.1